UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **1:23-mj-02415 Louis**

UNITED STATES OF AMERICA

vs.

JESSICA IVELISSE TRINIDAD RODRIGUEZ,
   a/k/a Ivelisse Rodriguez,

    Defendant.
_____/

FILED BY ____KAN____ D.C.

Mar 3, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  No

                Respectfully submitted,

                MARKENZY LAPOINTE
                UNITED STATES ATTORNEY

By:    */s/ Joseph A. Cooley*
        Joseph A. Cooley
        Assistant United States Attorney
        Florida Bar No. 99460
        500 East Broward Boulevard, 7th Floor
        Fort Lauderdale, Florida 33394
        Tel: (786)-761-3179
        Fax (305) 530-7976
        joseph.cooley2@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JESSICA IVELISSE TRINIDAD RODRIGUEZ,<br>a/k/a "Ivelisse Rodriguez,"<br>Defendant(s) | Case No. 1:23-mj-02415 Louis |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __11/2020 until 09/2021__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute and Possess with the Intent do Distribute a Controlled Substance |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
Complainant's signature

GEORGE NUNEZ, Special Agent, FBI
Printed name and title

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Face Time__

Date: __March 3  2023__

_____
Judge's signature

City and state: __Miami, Florida__   Honorable Lauren F. Louis, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

I, George I. Nunez, a Special Agent with the Federal Bureau of Investigation, being duly sworn, hereby states as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since June of 2006. I am assigned to the FBI Miami Field Division. I have experience investigating transnational organized crime, public corruption, drug trafficking, money laundering, as well as crimes against persons and property. I have attended numerous courses on conducting criminal investigations and haves authored several search and seizure warrants during my tenure with the FBI. During my law enforcement career, I have participated in numerous investigations of various criminal matters. Through my training, education, and experience, as well as my conversations with investigators experienced in drug trafficking matters, I have become familiar with the ways in which narcotics traffickers conduct their business, including their methods of importing and distributing narcotics.

2. The information set forth in this Affidavit results from my own investigation and that of other law enforcement agents. This Affidavit is submitted for the limited purpose of establishing probable cause that, between the dates of November 2020, through September 2021, JESSICA IVELISSE TRINIDAD RODRIGUEZ, a/k/a "Ivelisse Rodriguez," (hereinafter "the Defendant") committed the offenses of conspiring to distribute and possess with

1

the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846.

3.   Because this Affidavit is submitted for the limited purpose of setting forth probable cause for the proposed criminal complaint, it does not contain every fact known to me about the investigation.

## PROBABLE CAUSE

4.   On November 10, 2020, an FBI Confidential Human Source (CHS)[1] provided intelligence concerning IRAK TRINIDAD RODRIGUEZ[2] (hereinafter "IRAK"), who was selling cocaine in the Miami-Dade area. According to the CI, IRAK stated that he received quantities of cocaine monthly through the "Mail" deriving from Puerto Rico. IRAK also stated that he would routinely travel back to Puerto Rico with the illicit proceeds.

5.   The United States Postal Inspection Service (hereinafter "USPIS") confirmed that in September, October, and November of 2020, "Ivelisse Rodriguez" sent, via Priority Mail from Puerto Rico, three (3) packages to IRAK at his residence located at 2802 NW 132nd Street, Opa Locka, Apt. 832, FL. In addition, USPIS discovered an application for a Post Office Box located in Miami, Florida that included names of the Defendant, TRINIDAD, and another sister "ATR." The Post

---

[1] The CHS is deceased. CHS1 had an extensive criminal history that includes a prior federal marijuana conviction in 1990. His last conviction was in May of 2000, for Medicaid Fraud. CHS1 was ultimately sentenced to 11 months 29 days confinement in County Jail with 10 years of probation. CHS1 was working for financial compensation.

[2] On December 9, 2022, this Court issued a criminal complaint charging IRAK TRINIDAD RODRIGUEZ and PEDRO J. MEJIA SANCHEZ with Conspiracy to Distribute and Possess with the Intent to Distribute a Controlled Substance (22-mj-04098 Louis, SDFL). On December 21, 2022, I. TRINIDAD & MEJIA were with that conspiracy and other related charges (22-cr-20594-RKA, SDFL).

2

Box application also contained their dates of birth and Florida Driver's License numbers. In addition to a Florida Driver's License, the Defendant also has a driver's license issued from Puerto Rico. On both driver's licenses, the Defendant included her middle name "Ivelisse" and the same dates of birth that appears on the Post Office Box application

*Two Controlled Buys from IRAK*

6.      The CHS, under the direction and supervision of law enforcement, conducted two one (1) ounce purchases of cocaine from IRAK on November 20, 2020, and December 8, 2020. The white powdery substances from each buy were submitted to the DEA lab and the subsequent analysis established the first purchase contained 28.37 grams of cocaine and the second purchase contained 28.7 grams of cocaine.

7.      After the controlled purchase on December 8, 2020, surveillance teams followed IRAK has he drove away and ultimately observed him arrive at a residence located at 1120 Opa Locka Blvd, Opa Locka, FL 33054 (hereinafter "1120 Opa Locka Blvd.") Consequently, Postal Inspectors paced a "Mail Watch on 1120 Opa Locka Blvd.

*PARCELS #1 & #2 Containing Cocaine Seized*

8.      On February 3, 2021, USPIS intercepted a suspicious Priority Mail parcel (PARCEL #1) originating from Puerto Rico and destined for 1120 Opa Locka Blvd. Pursuant to a federal search warrant, approximately one kilogram of white powdery substance was recovered. The substance was submitted to the DEA Lab

3

and the subsequent analysis established that one of substance contained 1002.8 grams of cocaine.

9. On February 4, 2021, USPIS intercepted a suspicious Priority Mail parcel (PARCEL #2) sent by "Ivelisse Rodriguez" from Puerto Rico and destined to "ATR" at 1120 Opa Locka Blvd. Pursuant to a federal search warrant, approximately 500 grams of white powdery substance was recovered. The substance was submitted to the DEA Lab and the subsequent analysis established that one of substance contained 579.3 grams of cocaine.

10. PARCEL #2 along with the contents within, including interior and exterior wrappings, the tape used to seal the parcel, the USPS labels affixed, et al., were subsequently sent to the FBI Forensic Laboratory located in Quantico, VA., for analysis and possible development of latent fingerprints present on any of the above items. The analysis determined that five (5) latent prints from the Defendant were recovered and identified: four (4) on the underside of the tape used to seal PARCEL #2 and one (1) on the packaging of contents found inside PARCEL #2 from a metal carton titled "Double-Fifteen Dominoes.

*Third & Fourth Controlled Buys: April 27, 2021*

11. On April 27. 2021, the CHS spoke with IRAK on a cell phone to confirm the meeting location to purchase the narcotics. IRAK stated he would have a trusted "family member" call the CHS within a few minutes. At approximately 10:00 am, the CHS received a phone call from an unknown Hispanic male. The unknown Hispanic male was subsequently identified as the PEDRO J. MEJIA SANCHEZ (hereinafter "MEJIA"). MEJIA stated he was "Irak's

4

friend" and provided a meeting location in northwest Miami Dade County. At approximately 11:22 am, the Defendant met with the CHS and another subject in Miami-Dade County. MEJIA sold two (2) ounces of cocaine for $2,400.00 to the CHS. The CHS ordered an additional ounce of cocaine. MEJIA made a telephone call and stated, "I need another one."

12. Upon completing the first transaction, MEJIA left the area in his vehicle and was observed by law enforcement arriving at and entering a house located in North Miami, FL, subsequently identified as MEJIA's residence. Shortly thereafter, MEJIA departed his residence and returned to the same location to meet with the CHS and the other subject. MEJIA again entered CHS's vehicle and completed the transaction with the CHS and sold an additional ounce of cocaine for $1,200.

13. The three (3) ounces of white powdery substance MEJIA sold during both transactions was submitted to the DEA Lab and the subsequent analysis established the first purchase contained 56.4 grams of cocaine and the second purchase contained 28 grams of cocaine.

*PARCELS #3, #4 & #5 Containing Cocaine Seized*

14. On or about July 14, 2021, USPIS intercepted a Priority Mail parcel (PARCEL #3) from Puerto Rico destined for MEJIA's residence. Pursuant to a federal search warrant, approximately 500 grams of white powdery substance was recovered. The substance was submitted to the DEA Lab and the subsequent analysis established the parcel contained 497.8 grams of cocaine.

15. PARCEL #3 along with the contents within, including interior and exterior wrappings, the tape used to seal the parcel, the USPS labels affixed, et al., were subsequently sent to the FBI Forensic Laboratory located in Quantico, VA., for analysis and possible development of latent fingerprints present on any of the above items. The analysis determined that two (2) latent prints from the Defendant were recovered and identified: one (1) on the underside of the tape used to seal PARCEL #3 and one (1) on the packaging of contents found inside PARCEL #3.

16. After PARCEL #3 was intercepted, the following day, July 15, 2021, USPIS identified[3] and intercepted Priority Mail parcel (PARCEL #4) from Puerto Rico destined for a Miami address. Pursuant to a federal search warrant, approximately 500 grams of white powdery substance was recovered. The substance was submitted to the DEA Lab and the subsequent analysis established the parcel contained 500.2 grams of cocaine.

17. PARCEL #4 along with the contents within, including interior and exterior wrappings, the tape used to seal the parcel, the USPS labels affixed, et al., were subsequently sent to the FBI Forensic Laboratory located in Quantico, VA., for analysis and possible development of latent fingerprints present on any of the above items. The analysis determined that two (2) latent prints from the Defendant were recovered and identified on the packaging of contents found inside PARCEL #4.

---

[3] Postal Inspectors discovered that the IP address used to track PARCEL #3 was also tracking PARCEL #4.

18. As pictured below, PARCELS #3 & #4 each contained half of a gummy bear logo stamped into the approximately ½ kilogram bricks of cocaine. When placed together, both bricks of cocaine joined seamlessly into one full kilogram brick of cocaine with the full gummy bear logo.




From PARCEL #3         From PARCEL #4



Cocaine from PARCELS #3 & #4

19. On September 28, 2021, USPIS intercepted a Priority Mail parcel (PARCEL #5) from Puerto Rico destined for the MEJIA's residence. Pursuant to a federal search warrant, two (2) packages of white powdery substances were recovered. The substances were submitted to the DEA Lab and the subsequent analysis established that one of substance contained 125.4 grams of cocaine.

20. PARCEL #5 along with the contents within, including interior and exterior wrappings, the tape used to seal the parcel, the USPS labels affixed, et al., were subsequently sent to the FBI Forensic Laboratory located in Quantico, VA., for analysis and possible development of latent fingerprints present on any of the above items. The analysis determined that one (1) latent print from IRAK was recovered and identified on a video game box[4] found inside the parcel with the cocaine.

21. Based on the facts and information set forth in this affidavit, your affiant believes that there is probable cause to believe that JESSICA IVELISSE TRINIDAD RODRIGUEZ, a/k/a "Ivelisse Rodriguez" (the Defendant) committed the offenses of conspiring to distribute and possess, with the intent to distribute,

[*Intentional Left Blank*]

---

[4] USSP is aware that drug shipments are commonly commingled with other items to deter detection by law enforcement.

8

a controlled substance, in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Respectfully submitted

_____
George I. Nunez
Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with
the requirements of Fed. R. Crim. P. 4.1
by: Face Time this _3_ day of March, 2023.

_____
HONORABLE LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE